### WOMBLE v. ANTIETAM PAPER CO.

(District Court, S. D. Florida. February 15, 1924.)

1. **Master and servant** ⬥103(1)—**Duty to properly install machine nondelegable.**
   An employer was liable for injuries to employé, caused by negligent installation of paper-cutting machine, safe if properly installed, where machine was installed for permanent purposes, since the employer could not delegate the duty of providing a safe place and safe appliances.

2. **Master and servant** ⬥108—**Duty to provide safe appliances includes proper installation of machine.**
   Master's duty to provide a safe place and safe appliances held to include the proper permanent installation of a paper-cutting machine.

At Law. Action by C. C. Womble against the Antietam Paper Company. On application to file additional pleas, and motion to strike and demurrer to said pleas. Pleas held insufficient.

Sabel & Reinstine, of Jacksonville, Fla., for plaintiff.

Marks, Marks & Holt, of Jacksonville, Fla., for defendant.

CALL, District Judge. In the above-entitled case it is doubtful whether the plea of not guilty interposed by the defendant covers the matter contained in the first plea to the seventh count, tendered at this hearing. The negligence alleged is negligent installation of the machine, and it is doubtful whether it puts in issue the allegation that the

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

excessive speed caused the clutch to oscillate and engage the motive power. The second plea to the seventh count alleges that the installation of the machine was by fellow servants, and was a risk assumed by plaintiff, if negligently done.

[1, 2] I do not think the rule as to the erection of temporary appliances, such as referred to in Kelly v. Jutte & Foley Co., 104 Fed. 955, 44 C. C. A. 274, and the other cases referred to by defendant, apply in a case of this kind. The erection and installation of the paper cutting machine in the instant case was not temporary, but was a machine installed for the specific purpose. I do not understand the law to be that a master is relieved from responsibility to his employees when he provides an appliance, which in itself is safe when properly installed, in his place of business for permanent use, but which is unsafe when improperly installed. His duty is to provide a safe place and safe appliances to do the work, and this includes the proper permanent installation of such appliance, and is not delegable, so as to escape responsibility.